

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN 11

GROVER SELLERS
ATTORNEY GENERAL

Honorable George W. Cox
State Health Officer
State Board of Health
Austin, Texas

Dear Sir:                    Opinion No. O-7131

> Re: Authority of the State Board of
> Health to pass rules and regula-
> tions covering the quarantining
> of, or placing in detention for
> treatment, persons having those
> communicable diseases which in
> the opinion of the State Health
> Officer constitute a real men-
> ace to public health.

We have your letter of recent date wherein you re-
quest the opinion of this office on the above-captioned subject.
Your letter reads in part as follows:

"Will you please advise us of the vali-
dity of the State Board of Health's passing of
rules and regulations covering the quarantining
of, or placing in detention for treatment, per-
sons having those communicable diseases which in
the opinion of the State Health Officer consti-
tutes a real menace to public health, a hypothet-
ical case is as follows:

"An individual having a severe case of
highly contagious tuberculosis might be detained
for treatment in a treatment center for such pur-
poses. Such a system might be not unlike to the
present venereal disease treatment program. . ."

Since Biblical times when the Lepers were commanded
to dwell alone, "Without the camp shall his habitation be" (Leviti-
cus 13:46) all civilized communities have recognized the necessity
of quarantine regulations. Among all the objects sought to be se-
cured by governmental laws, none is more important than the pre-
servation of the public health; and an imperative obligation rests

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George W. Cox, page 2


upon the State, through its proper instrumentalities or agencies, to take all necessary steps to promote this object. The police power, which is inherent in the State, may be invoked for this purpose and the most extensive powers may be conferred on local health officers.

The power of the legislature to prevent the introduction and spread of infectious and contagious diseases cannot be questioned, and, accordingly, health authorities are usually empowered to take such action as may be considered expedient to prevent the outbreak of epidemic and communicable diseases. Thus all rules and regulations adopted pursuant to legislative authority, which are reasonably calculated to preserve the public health, are valid. The power to make quarantine regulations is one of the most important conferred upon health authorities and such regulations constitute a proper exercise of the police power. These general principles are so firmly entrenched in our system of jurisprudence as to admit of no conjecture, and we therefore cite no cases to sustain them. Your attention is directed to the annotation in 2 A. L. R. 1539 and the legion of cases there cited.

With these general principles in mind, we proceed to a consideration of the question before us. An examination of ―― Vernon's Annotated Revised Civil Statutes reveals the following pertinent statutory provisions:

"Article 4419. The State Board of Health shall have general supervision and control of all matters pertaining to the health of citizens of this State, as provided herein. It shall make a study of the causes and prevention of infection of contagious diseases affecting the lives of citizens within this State and except as otherwise provided in this chapter shall have direction and control of all matters of quarantine regulations and enforcement and shall have full power and authority to prevent the entrance of such diseases from points without the State, and shall have direction and control over sanitary and quarantine measures for dealing with all diseases within the State and to suppress same and prevent their spread. The president of the board shall have charge of and superintend the administration of all matters pertaining to State quarantine. Acts 1909,

1st C. S., p. 340; Acts 1913, p. 147."

"Article 4427. Each county health officer shall perform such duties as have been required of county physicians, with relation to caring for the prisoners in county jails and in caring for the inmates of county poor farms, hospitals, discharging duties of county quarantine and other such duties as may be lawfully required of the county physician by the commissioners court and other officers of the county, and shall discharge any additional duties which it may be proper for county authorities under the present laws to require of county physicians; and, in addition thereto, he shall discharge such duties as shall be prescribed for him under the rules, regulations and requirements of the Texas State Board of Health, or the president thereof, and is empowered and authorized to establish, maintain and enforce quarantine within his county. He shall also be required to aid and assist the State Board of Health in all matters of local quarantine, inspection, disease prevention and suppression, vital and mortuary statistics and general sanitation within his county; and he shall at all times report to said State board, in such manner and form as it shall prescribe, the presence of all contagious, infectious and dangerous epidemic diseases within his jurisdiction; and he shall make such other and further reports in such manner and form and at such times as said State board shall direct; touching on such matters as may be proper for said State board to direct; and he shall aid said State board at all times in the enforcement of its proper rules, regulations, requirements and ordinances, and in the enforcement of all sanitary laws and quarantine regulations within his jurisdiction."

"Article 4430. Each city health officer shall perform such duties as may be required of him by general law and city ordinances with regard to the general health and sanitation of towns and cities, and perform such other duties as shall be legally required of him by the mayor, governing body or the ordinances of his city or town. He shall discharge and perform such duties as may be prescribed for him under the directions,

Honorable George W. Cox, page 4

rules, regulations and requirements of the State Board
of Health and the president thereof. He shall be re-
quired to aid and assist the State Board of Health in
all matters of quarantine, vital and mortuary statis-
tics, inspection, disease prevention and suppression
and sanitation within his jurisdiction. He shall at
all times report to the State Board of Health, in
such manner and form as said board may prescribe, the
presence of all contagious, infectious and dangerous
epidemic diseases within his jurisdiction, and shall
make such other and further reports in such manner
and form and at such times as said State board shall
direct, touching all such matters as may be proper
for said board to direct, and he shall aid said State
board at all times in the enforcement of proper rules,
regulations and requirements in the enforcement of
all sanitary laws, quarantine regulations and vital
statistics collection, and perform such other duties
as said State board shall direct."

"Article 4477. The following rules are here-
by enacted as the 'Sanitary Code for Texas,' adopted
for the promotion and protection of the public health
and for the general amelioration of the sanitary and
hygienic condition within this State, for the suppres-
sion and prevention of infectious and contagious dis-
eases, and for the proper enforcement of quarantine,
isolation and control of such diseases, to wit:

"Rule 1. Physician to report.--Every physician
in this State shall report in writing or by an acknowl-
edged telephone communication to the local health au-
thority, immediately after his or her first professional
visit, each patient he or she shall have or suspect of
suffering with any contagious disease. If such disease
is of a pestilential nature, he shall notify the Presi-
dent of the State Board of Health at Austin by telegraph
or telephone at State expense, and report to him every
death from such disease immediately after it shall have
occurred. The attending physician is authorized to and he
shall place the patient under restrictions of the charac-
ter described herein in the case of each respective disease.

"Rule 2. 'Local health authority.'--For the
purpose of these regulations, the term 'local health
authority' shall be held to designate the city or county

health officer, or local board of health, within their respective jurisdictions.

"Rule 3. 'Contagious diseases.'--The term 'contagious disease' as used in these regulations shall be held to include the following diseases, whether contagious or infectious; and as such shall be reported to all local health authorities and by said authority reported in turn to the President of the State Board of Health:  Asiatic cholera, bubonic plague, typhus fever, yellor fever, leprosy, smallpox, scarlet fever (scarlatina), diphtheria (membranous croup), epidemic cerebrospinal meningitis, dengue typhoid fever, epidemic dysentery, trachoma, tuberculosis and anthrax. (Emphasis supplied)

" * * *

"Rule 5.  Rules to quarantine and disinfection.-- The following rules of instruction for the regulation of quarantine, isolation and disinfection in the several contagious diseases, hereinbefore mentioned, are to be observed by all boards of health, health officers, physicians, school superintendents and trustees, and others. All health authorities of counties, cities, and towns in this State are hereby directed and authorized to establish local quarantine, hold in detention, maintain isolation and practice disinfection as hereinafter provided for, of all such infected persons, vehicles or premises which are infected or are suspected of being infected with any of the above-named diseases whenever found.

" * * *

"(c)  Absolute isolation includes, first, the confinement of the patient and attendants to one apartment or suite of apartments, to which none but authorized officers or attendants shall have admission; second, screening of room and entire house if necessary with not less than 16-mesh wire gauze; third, the prohibition of passing out of the sick room of any object or material until the same has been thoroughly disinfected; fourth, protection of the air of the house by hanging a sheet, kept constantly moist with a disinfectant solution, over the doorway of the patient's room or rooms and reaching from the top of the door; fifth, if in the

> opinion of the local health authority the patient can-
> not be treated, with reasonable safety to the public,
> at home, the removal of the patient and exposures to
> a contagious disease hospital or pest house." (Emphasis
> supplied)

Construing the above statutory provisions in the light of our introductory remarks concerning the authority of the State through the proper agencies to promulgate rules and regulations for the protection and preservation of the public health, it follows that the State Board of Health may adopt rules and regulations for the purpose of carrying out the provisions of these statutes; and, these rules and regulations, if reasonable and impartial, will be given the full force and effect of law.

In regard to your hypothetical case concerning the validity of rules and regulations for detaining for treatment in treatment centers individuals having severe cases of highly contagious tuberculosis, it is our opinion that the State Board of Health may adopt rules and regulations for the removal of individuals having any of the "contagious diseases" listed in Rule 3 of the Sanitary Code to treatment centers.

These rules and regulations to be valid must be reasonable and impartial and in pursuance of and not in conflict with Rule 5(c) of the Sanitary Code. That is, before an individual suffering from a severe case of highly contagious tuberculosis may be removed against his will to a treatment center (contagious disease hospital or pest house) the local health authority must be of the opinion that the patient cannot be treated, with reasonable safety to the public, at home.

In cases where the local health authority is of the opinion that the patient cannot be safely treated at home he may issue a warrant by virtue of which a lawful arrest may be made for the purpose of removing the individual to a treatment center. Ex. parte Hardcastle, (Court of Criminal Appeals) 208 S. W. 531; Ex. parte Brooks, 212 S. W. 956; Ex. parte James, 181 S. W. (2d) 83.

Thus, if in the opinion of the local health authority, an individual suffering from a severe case of any of the contagious diseases listed in Rule 3 of the Sanitary Code cannot be treated, with reasonable safety to the public, at home, he may be removed to a contagious disease hospital or pest house. Rules and regulations made in pursuance of Rule 5(c) of the Sanitary Code must not

Honorable George W. Cox, page 7

be arbitrary, oppressive and unreasonable (22 A. L. R. 835).
Therefore, the "opinion of the local health authority that the
patient cannot be treated with reasonable safety to the public,
at home," must not be arbitrary but must be based on: (1) a
thorough medical examination employing the standard tests em-
ployed by the medical profession in diagnosing the various con-
tagious diseases listed in Rule 3 of the Sanitary Code, and
(2) a thorough investigation of the surrounding circumstances
to determine whether or not the patient may be safely treated
at home. The law is more aptly stated in 39 C. J. S., Health,
Section 15c, from which we quote:

> "A person may properly be quarantined in his
> residence, and ordinarily should be quarantined there
> unless the danger is such as to justify quarantine
> isolation elsewhere. The mere determination that a
> disease is dangerous and communicable does not em-
> power a health officer to refuse isolation in the
> home by quarantine and placard notice thereof and
> to commit the diseased person to a hospital. A per-
> son may be quarantined in a place other than his
> residence where the circumstances so warrant, in
> which case an appropriate place for the confinement
> is a hospital and not a jail or penitentiary. . ."

We trust the above fully answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Robert T. Donahue
Assistant

APPROVED FEB 25 1946

RTD:JCP


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN